[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
 {¶ 2} Appellant Charles Jackson pleaded guilty to one count of engaging in a pattern of corrupt behavior, one count of failure to comply with a police offer's signal or order, and two counts of theft. The state had indicted Jackson on 51 counts. He entered his plea after two state's witnesses had testified in a bench trial.
 {¶ 3} The trial court accepted his plea and sentenced him to a seven-year prison term for the corrupt-activity count, a three-year term for the failure-to-comply count, and two concurrent 11-month terms for the theft counts. The trial court ordered the seven-year sentence and the three-year sentence to be served consecutively, while the 11-month sentences were made concurrent with the other terms.
 {¶ 4} In his appeal, Jackson raises three assignments in challenging his sentence. In his first two assignments, he contends that the trial court erred by imposing more than the minimum sentence for the corrupt-activity conviction and the failure-to-comply conviction. In his third assignment, Jackson argues that he was denied due process at his sentencing hearing because the trial court considered irrelevant factors.
 {¶ 5} Jackson's offenses stemmed from a counterfeit-check operation involving several people and resulting in the loss of thousands of dollars. His convictions resulted from facts showing that, as a principal, or in complicity with others, he had obtained, by deception, $500 or more from both Provident Bank and Cincinnati Central Credit Union. At the time of his arrest, Jackson led the police on a high-speed chase, violating traffic laws, driving in a reckless manner, and endangering his life and the life of others. The police arrested him after his vehicle struck a pole.
 {¶ 6} We address Jackson's first two assignments together. Before being sentenced, Jackson had not previously served a prison term. He was, however, on federal parole. To impose more than the minimum sentence on an offender who has not previously served time in prison, the trial court must find on the record that the minimum term would demean the seriousness of the offense or would fail to adequately protect the public from future crime by the offender and others.[1] The trial court is not required to give its reasons for its finding.[2] It need only "note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons."[3] Our review of the record demonstrates that the trial court properly complied with the felony-sentencing guidelines when it stated that both reasons were applicable to both offenses and imposed more than the minimum sentence for each.
 {¶ 7} In his third assignment, Jackson argues that his sentencing hearing was fundamentally unfair because the trial court considered irrelevant factors. Specifically, he complains that the trial court considered alleged criminal activities that had not been prosecuted. We find no merit in this assignment. The trial court heard evidence that Jackson had caused in excess of $100,000 in losses, but it said that it was considering only those offenses to which he had pleaded guilty. It also stated that it was not going to assume for sentencing purposes that he was the leader of the counterfeit-check operation.
 {¶ 8} The trial court did state that it had considered Jackson's prior record, his lack of success with federal probation, his past unsuccessful drug treatment, the dangers associated with a high-speed chase during the afternoon, and the testimony of the witnesses at trial, along with the presentence-investigation report all proper factors. (We question the propriety of the exhibits attached to the state s sentencing memorandum concerning charges unrelated to those for which Jackson was being sentenced, as well as the inclusion of such material in the presentence-investigation report. The trial court indicated, however, that it was not considering this information.) We overrule Jackson's third assignment.
 {¶ 9} Therefore, the judgment of the trial court is affirmed.
 {¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Hildebrandt, P.J., Painter and Winkler, JJ.
[1] See R.C. 2929.14(B).
[2] See State v. Edmonson, 86 Ohio St.3d 324, 326, 1999-Ohio-110,715 N.E.2d 131.
[3] Id. at 326.